IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 03-94-GMS |
| | ) |
| TYRONE SAVAGE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

### I. BACKGROUND

In June 2005, the court sentenced the defendant, Tyrone Savage ("Savage"), to a total of 120 months imprisonment, followed by a three years of supervised release. (D.I. 33.) The Court of Appeals for the Third Circuit affirmed Savage's sentence. (D.I. 44.)

In August 2006, Savage filed the pending "motion for downward departure for consideration to a federal halfway house placement in a CCC under 5H1.1, extraordinary family circumstances." (D.I. 45.) Savage asks the court to consider transferring him to federal halfway house in Philadelphia, which is closer to his son, because his son's mother has become addicted to crack cocaine. Savage also states that his son has become involved in drug activities.

### II. DISCUSSION

The sole authority cited by Savage for his request for a transfer to a federal community corrections center is "5H1.6." The court presumes that Savage is referring to United States Sentencing Guideline 5H1.6, which is only applicable when a defendant is before the court for

sentencing. Given that Savage has already been convicted and sentenced, and that the Third Circuit has affirmed his sentence, the court liberally construes Savage's motion to be a motion for modification of imposed sentence pursuant to 18 U.S.C. § 3582 or, alternatively, a motion for transfer to a federal community corrections center filed pursuant to 28 U.S.C. § 2241.

### A. Motion for Modification of Imposed Sentence Pursuant to 18 U.S.C. § 3582

A federal district court's authority to modify a defendant's previously imposed sentence pursuant to 18 U.S.C. § 3582 is limited to three situations: (1) where the Director of the Bureau of Prisons moves to reduce the term of imprisonment, and, after considering the factors delineated in 18 U.S.C. § 3553(a), the court concludes that a reduction is warranted; (2) where the reduction is expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and (3) where the defendant was sentenced pursuant to a sentencing range that has subsequently been lowered by the Sentencing Commission. Here, the court does not have jurisdiction to modify Savage's sentence as requested because the Director of the Bureau of Prisons did not file the instant motion, Savage was not sentenced pursuant to a sentencing guideline that has subsequently been reduced, and the reduction is not expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.[1] *See* 18 U.S.C. §

---

[1] Even though 18 U.S.C. § 3553 has been interpreted to authorize a federal court to grant a motion for downward departure on the grounds of unusual or extraordinary family circumstances, such departures have "only been sanctioned where the defendant is before the court for sentencing or re-sentencing. There is nothing in the statute or in the case law to suggest that the court may depart based on such grounds once a sentence has been lawfully imposed and is no longer subject to direct appeal." *Bruno v. United States,* 2000 WL 1051850, at *3 (S.D.N.Y. July 31, 2000); *see also United States v. Medley,* 168 F. Supp. 2d 293, 297 (D. Del. 2001)(a court can only consider post-conviction rehabilitation in support of a motion for downward departure only upon initial sentencing or re-sentencing for other reasons); *United States v. Dominguez,* 296 F.3d 192 (3d Cir. 2002)(discussing a district court's discretion to depart downward on the basis of unusual family circumstances). Savage is not before the court for sentencing or re-sentencing,

3582(c)(1)(A),(B) and (2); Fed. R. Crim. P. 35. Accordingly, the court will deny the motion to the extent is asserted pursuant to 18 U.S.C. § 3582.

### B. Motion for Transfer to a Community Corrections Center Pursuant to 28 U.S.C. § 2241

Given the court's duty to liberally construe documents filed by *pro se* litigants, the court alternatively considers Savage's motion as a habeas petition filed pursuant to 28 U.S.C. § 2241.[2] However, it is well-settled that a federal prisoner's § 2241 petition must be filed in the district of confinement that has jurisdiction over the petitioner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *see United States v. Jack*, 774 F.2d 605, 607 n.1 (3d Cir. 1985)(a habeas corpus petition pursuant to § 2241 is appropriate in the district of confinement); *Dupee v. United States*, 2002 WL 31831388, at *1 (E.D. Pa. Dec. 11, 2002). At the present time, Savage is incarcerated at USP Hazelton in Bruceton Mills, West Virginia, and the court does not have jurisdiction over the warden at that facility. Therefore, to the extent Savage's motion is a habeas request under §

---

and he has already appealed his sentence. Therefore, the court cannot grant the requested relief on the basis of 18 U.S.C. § 3553.

Additionally, Federal Rule of Criminal Procedure 35(a) does not apply because Savage does not allege an arithmetical or technical error, and more than 7 days have passed since his sentence was imposed. Rule 35(b) does not apply because the Government did not file a motion to reduce the sentence due to substantial assistance.

[2] The Third Circuit recently held that a federal prisoner's challenge to the Bureau of Prison's ("BOP") decision regarding his placement in a community corrections center was cognizable on habeas review under 28 U.S.C. § 2241. *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-44 (3d Cir. 2005). The court acknowledges that Savage is not challenging a BOP decision. Nevertheless, Savage's motion does request a change in the type of detention, and "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Thus, for the purposes of this Memorandum Order, and given the court's ultimate decision to dismiss the motion, the court will assume without deciding that Savages has stated a claim under 28 U.S.C. § 2241.

3

2241, the court summarily dismisses it for lack of jurisdiction.[3] *See* Rule 4, 28 U.S.C. foll. § 2254.

## III. CONCLUSION

At Wilmington this 12th day of Oct., 2006, for the reasons explained above;

IT IS ORDERED that:

Tyrone Savage's motion for transfer to a federal halfway house is DENIED. (D.I. 45.)

_____
UNITED STATES DISTRICT JUDGE



FILED
OCT 13 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

[3]The court also concludes that transferring the petition to the district court with jurisdiction over Savage's warden would not be in the interest of justice. *See* 28 U.S.C. § 1631. Pursuant to 18 U.S.C. § 3621(b) and judicial interpretations of that statute, only the Federal Bureau of Prisons has the authority to transfer a federal prisoner to a community confinement center. *See* 18 U.S.C. § 3621(b); *United States v. Shipley*, 286 F.Supp.2d 499, 500 (W.D. Pa. 2003). Here, Savage has not indicated if he presented his transfer request to the Federal Bureau of Prisons, suggesting that his request may be premature at this point in time. *See, e.g., Quezadaruiz v. Nash*, 2005 WL 1398503, at *3 (D.N.J. Jun. 14, 2005); *Serafini v. Dodrill*, 325 F. Supp. 2d 535, 536 (M.D.Pa. 2004); *Gambino v. Gerlinski*, 96 F. Supp. 2d 456 (M.D.Pa. 2000).